UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RONALD LEE BRINSON,

    Plaintiff,

v.

DEPARTMENT OF COMMERCE,

    Defendant.

Case No. 1:18-cv-96

Barrett, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

By separate Order issued this date, Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The complaint itself is now before the Court for a *sua sponte* review to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). For the reasons that follow, the undersigned recommends that the complaint be dismissed.

**I. General Screening Authority**

Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if satisfied that the action is frivolous or malicious. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no

arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress has also authorized the *sua sponte* dismissal of complaints which fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915 (e)(2)(B)(ii). Although a plaintiff's *pro se* complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," the complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*per curiam*) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation omitted)). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010)("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The

2

Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

## II. Analysis

### A. Allegations Of Complaint

Plaintiff Brinson's pro se complaint identifies the "Department of Commerce" in Columbus, Ohio as the sole Defendant. Plaintiff alleges as follows:

> On or about January 26th, 2018, I Ronald Lee Brinson…[received] from Greater Cincinnati Behavioral 2525 Victory Parkway 45206 a form from the Unclaimed funds w/ the amount of 22.15 Million Dollars and no cents.
>
> At the same time while watching [the] State of the Union speech by President Donald Trump I [received] a check for $25.57 cents under gross amount.
>
> I have been [waiting] (18) Eighteen Years for this Money I did not even know I had it piled like that, but I worked for every Dollar of that money and I also earned, the Unclaimed fund Co. found money I did not receive off an on [sic] I spent over 36 years in prison for crime I didn't do. But when I set my mind to do something, I Get the Job Done!

(Doc. 1-1 at 3). In the "Relief" section of the complaint form asking Plaintiff to describe "exactly what you want the court to do for you," Plaintiff has written the following:

3

> No relief was compensated I was suing for 7.7 million for excessive use of force seven officers jumped me and, I was released on 4-1-2000 and settled for my freedom.

(Id. at 4).

### B. Dismissal Recommended For Lack of Jurisdiction and Failure to State Any Claim

Plaintiff has used a pro se civil rights complaint form, and indicates that he is suing the Defendant under color of State law, for depriving him of a right secured by federal law or the Constitution. However, this Court lacks subject matter jurisdiction because Plaintiff does not allege any conduct by the Defendant at all, and/or his allegations state no facts that would support any claim under 42 U.S.C. § 1983, or any other federal law, against the Ohio Department of Commerce. Plaintiff also fails to indicate any relief he seeks from this Court. Last, to the extent that he is complaining about events that led to his incarceration for a period of 36 years, culminating with his release on April 1, 2000, any possible claim would be time-barred.

### III. Conclusion and Recommendation

For the reasons explained above, **IT IS RECOMMENDED THAT** this case be **DISMISSED with prejudice** based upon a lack of subject matter jurisdiction, and Plaintiff's failure to state any claim against any Defendant under federal law.

    *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

4

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

RONALD LEE BRINSON,

    Plaintiff,

    v.

DEPARTMENT OF COMMERCE,

    Defendant.

Case No. 1:18-cv-96

Barrett, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

5