UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Ronald Lee Brinson

    Plaintiff,

    -vs-                                  Case No. 1:18-cv-096

Department of Commerce           Judge Michael R. Barrett

    Defendant.

## ORDER

### I. BACKGROUND

This matter is before the Court upon the Magistrate Judge's Report and Recommendation ("R&R") (Doc. 4) and Plaintiff's objection (Doc. 5) thereto.

On February 12, 2018, Plaintiff filed a *pro se* complaint (Doc. 3) against the Ohio Department of Commerce. On the same day, Plaintiff filed a motion to proceed *in forma pauperis* (Doc. 1), which the Magistrate Judge granted on February 14, 2018. (Doc. 2).

Plaintiff asserts this court has subject matter jurisdiction over his complaint pursuant to 28 U.S.C. § 1343(a)(3). (Doc. 3, at 2). In relevant part, Plaintiff's complaint states:

> On or about Jan[uary] 29th, 2018, I . . . [received] from Greater Cincinnati Behavioral 2525 Victory Parkway 45206 a form from the Unclaimed Funds w[ith] the amount of 22.15 Million Dollars and no cents.
>
> At the same time while watching [the] State of the Union speech by President Donald Trump I [received] a check for $25.57 cents under Gross amount.
>
> I have been [waiting] (18) Eighteen years for this Money I did not even know I had it piled like that, but I worked for every Dollar of that money. And I also earned the Unclaimed Fund Co. found money I did not receive off and on. I spent over 36 years in prison for crime I didn't do, but when I set my mind to do something, I Get The Job Done!

1

(*Id.* at 3). Plaintiff did not indicate what relief he desired from this Court.[1] (*Id.* at 4).

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Magistrate Judge performed a *sua sponte* review of Plaintiff's complaint to determine if the complaint, or any portion of it, should be dismissed for frivolousness, maliciousness, failure to state a claim upon which relief may be granted or seeking monetary relief from a defendant who is immune from relief. Upon conclusion of the review, the Magistrate Judge issued the R&R and recommended the case be dismissed for lack of subject matter jurisdiction and failure to state a claim. (Doc. 4, at 4). The Magistrate Judge reasoned that Plaintiff entirely failed to allege any conduct by the Department of Commerce to support a 42 U.S.C. § 1983 claim or any other claim under federal law. (*Id.* at 4).

On March 5, 2018, Plaintiff filed the objection (Doc. 5) to the R&R. In relevant part, the objection states:

> I [felt] a great [defamation] of [character] was perpetrated here when I was searching for unclaimed funds I might have missed over the years. After 18 years, 22.15 look like 22.15 million, was only 22 dollars and 15 cents. I [received] from the Department of Commerce a form in December. I had it sent to the Greater Cincinnati Behavioral. When I filled out the form I sent it back to them to [receive] a check . . . I went to the agency to receive my check [and] got my mail to find the envelope was open by my payee sherry, I ask[ed] her why did she open my mail and she stated, "I wanted to." If mail doesn't come from SSI she has no right to open any other mail of mine . . .
>
> At the same time the State of the Union was on t.v. and the United States was in debt and the president robbed the nation and took this money thinking it was 22.15 million but in reality it was 22 dollars and 15 cents.
>
> It [i]s clear to see this action is not delusional in the form of a 42 U.S.C. § 1983 Civil Rights complaint in which I'm asking the court for the 22.15

---

[1] It appears Plaintiff misunderstood the "Relief" section of the complaint form as, instead of indicating what relief he sought from this Court, in this case, Plaintiff wrote down the relief he had sought in a previous lawsuit against the Texas Department of Correction. (Doc. 3, at 4).

2

> million for [defamation] of [character], something is fish[y] here, and I leave it up to the [Court] to find out where the mistake came in.

(Doc. 5, at 1-2).

## II. ANALYSIS

**1) Standard of review.**

Reports and Recommendations issued by a magistrate judge are subject to review by the district court when it is shown the magistrate judge's conclusions therein are erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A). The district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). The district judge must then "accept, reject, or modify the recommendation disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

**2) Plaintiff fails to properly object to the R&R.**

A litigant cannot raise a new claim in an objection to a magistrate judge's R&R. *Murr v. U.S.*, 200 F.3d 895, 902 n.1 (6th Cir. 2000); *see also Thrower v. Montgomery*, 50 Fed. Appx. 262, 264 (6th Cir. 2002) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) and *Howard v. HHS*, 932 F.2d 505, 508-09 (6th Cir. 1991)). "A party who files objections to a magistrate [judge]'s report in order to preserve the right to appeal must be mindful of the purpose of such objections: to provide the district court 'with the opportunity to consider the specific contentions of the parties and to correct any errors immediately." *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *see also Thomas v. Arn*, 474 U.S. 140, 144 (1985).

Here, Plaintiff fails to make a proper objection. In the objection, Plaintiff contends that someone defamed his character, though it is not clear who Plaintiff accuses of such

3

conduct. Moreover, Plaintiff's defamation claim stems from a new set of facts— that an employee of an agency (either the Ohio Department of Commerce or Greater Cincinnati Behavioral) opened Plaintiff's mail—not presented in the original complaint, and therefore the Court will not entertain the objection as proper.

**3) Plaintiff fails to state a claim upon which relief may be granted.**

"A pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A pleading fails to state a claim when the pleading does not contain sufficient relevant facts to sustain the claim. *Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009). A pleading carries sufficient relevant facts to sustain the claim if the facts contained in the pleading, accepted as true, allow a court to draw a reasonable inference that the defendant is liable for the alleged violation. *Id.* at 678. In particular, a plaintiff filing a complaint pursuant to 28 U.S.C. § 1343(a)(3) must present sufficient facts that would allow reasonable minds to determine the defendant deprived the plaintiff of rights secured by the Constitution and laws.

Complaints filed by a *pro se* plaintiff are to be "liberally construed" no matter how inartfully pleaded. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, courts should not go so far as identifying and addressing arguments the plaintiff failed to assert. *Johnson v. Riviana Foods Inc.*, 2017 U.S. App. LEXIS 24525, *8 (6th Cir. 2017).

Here, upon a review of the original complaint, the Court holds the Magistrate Judge correctly determined Plaintiff failed to state a claim. Plaintiff filed his complaint pursuant to § 1343(a)(3), but the complaint is devoid of any factual allegations indicating the Ohio

Department of Commerce deprived Plaintiff of any rights secured by the Constitution and federal laws. In the objection, presents an almost entirely new fact pattern and an allegation of defamation. Even assuming, without deciding, that Plaintiff's objection was proper, there are no factual allegations that could lead reasonable minds to conclude the Ohio Department of Commerce defamed Plaintiff.[2] The factual allegations of the objection are that an employee of an agency told Plaintiff that she opened Plaintiff's mail because she wanted to. No matter how liberally the objection is construed, it is impossible to construe this statement by the agent as defamatory to the Plaintiff's character.[3]

### III. CONCLUSION

Plaintiff has failed to make a proper objection to the Report and Recommendation filed by the Magistrate Judge. Moreover, Plaintiff's objection does not remedy the issues of the complaint. The Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation and Plaintiff's case is **DISMISSED** with prejudice.

    IT IS SO ORDERED.

                                                    s/ Michael R. Barrett
                                                  Michael R. Barrett
                                                  United States District Judge

---

[2] Additionally, a person is not Constitutionally or federally protected from defamation under § 1343(a)(3). Even if Plaintiff had been able to provide sufficient facts to support a defamation claim, this Court would lack subject matter jurisdiction.

[3] To establish defamation, the plaintiff must show (1) that a false statement of fact was made, (2) that the statement was defamatory, (3) that the statement was published, (4) that the plaintiff suffered injury as a proximate result of the publication, and (5) that the defendant acted with the requisite degree of fault in publishing the statement. *Am. Chem. Soc'y v. Leadscope, Inc.*, 98 Ohio St. 3d 366, 389, 2012-Ohio-4193, 978 N.E.2d 832 (citing *Pollack v. Rashid*, 117 Ohio App.3d 361, 368, 690 N.E.2d 903 (1996)).